NO. 07-02-0150-CV 



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 8, 2002



______________________________




IN RE PASADENA INDEPENDENT SCHOOL DISTRICT, KEVIN HO,



BRANDON HULL, NATHAN MONTEZ, MASOOMA NAQVI, ZAINAB NAQVI,



BRANDT SMITH, MICHAEL TAYLOR, SHANNON VALLEY 



AND JEFFERY YOUNG, RELATORS



_______________________________




ON MOTION FOR TEMPORARY RELIEF AND


PETITION FOR WRIT OF MANDAMUS




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Pending before this Court is a petition for writ of mandamus and motion for
temporary relief pending petition for writ of mandamus filed by relators Pasadena
Independent School District, Kevin Ho, Brandon Hull, Nathan Montez, Masooma Naqvi, 
Zainab Naqvi, Brandt Smith, Michael Taylor, Shannon Valley, and Jeffery Young (PISD,
et al.). By their motion for temporary relief pending petition for writ of mandamus, PISD,
et al. request that we stay all proceedings in Cause No. 2002-517,377 in the 72nd District
Court of Lubbock County, wherein Lubbock Independent School District, et al. (LISD, et
al.) are plaintiffs and real parties herein, Texas Academic Decathlon Association, a Texas
non-profit corporation is defendant below, and PISD, et al. are intervenors. By their motion
for temporary relief, among other things, PISD, et al. assert that the issues presented in
the case pending in Lubbock County are substantially the same as issues presented in
Cause No. 2002-14909 styled Pasadena Independent School District, et al. vs. Texas
Academic Decathlon Association, Defendant, pending in the 152nd District Court of Harris
County, Texas, now on appeal in the 14th Court of Appeals, No. 14-12-00299-CV, and by
their petition for mandamus contend the 152nd District Court of Harris County has dominant
jurisdiction and that the trial court erred in denying the plea in abatement filed by PISD, et
al. in the Lubbock County proceeding. 

 In response to PISD, et al.'s plea in abatement, among other things, LISD, et al.
contended that PISD, et al. were estopped to seek abatement of the Lubbock County
Court's action on the ground that the 152nd District Court of Harris County had dominant
jurisdiction of the controversy and, among other things, the Texas Academic Decathlon
Association contends that it has the right to manage, within legal limits, its own affairs
without interference from the courts. After considering PISD, et al.'s motion for temporary
relief following an expedited hearing on the motion, it is ordered that PISD, et al.'s motion
for temporary relief pending petition for writ of mandamus is overruled. Further, the Court
being of the opinion that PISD, et al.'s petition for mandamus should be denied and that 
additional oral argument and briefing would not be of any assistance to the Court, the
petition for mandamus presented by PISD, et al. is denied. (1)

 Per Curiam

Do not publish.
1. Opinion to follow per Tex. R. App. P. 52.8(a), (d).



AN> 38.1(h) (stating that the brief
must contain a clear and concise argument for the contentions made). He merely alludes
to issue one and concludes that the failure to object evinced ineffective assistance of
counsel. Thus, he again waived his complaint. See Franklin v. Enserch, Inc., 961 S.W.2d
704, 711 (Tex. App.-Amarillo 1998, no pet.) (holding that the failure to provide the court
with any discussion of the facts and authorities relied on results in the waiver of the
complaint).

 Second, the State may properly summarize evidence and draw reasonable
inferences therefrom during its jury argument. Brown v. State, 692 S.W.2d 497, 502 (Tex.
Crim. App. 1985) (holding that permissible areas of jury argument are a summation of the
evidence, a reasonable deduction from the evidence, an answer to opposing counsel's
argument, and a plea for law enforcement). Here, evidence appeared of record illustrating
that 1) appellant had wanted to fight his victim earlier in the evening and 2) appellant's
companion told appellant to wait and "we'll take care of it" when they arrived at their
destination. This is some evidence indicative of premeditation, i.e. that appellant had
planned to assault the victim. Because of that, it can be said that the prosecutor was
simply making reasonable deductions from the evidence when he alluded to the fight as
being premeditated. 

 So, conceivably, the potential validity of the argument may have swayed defense
counsel to forego objecting. In other words, defense counsel's silence may have been
intentional and related to trial strategy. Additionally, since the record neither illustrates
counsel's motives for withholding objection nor dispels the notion that his silence was part
of some trial strategy, appellant did not overcome the presumption that counsel acted
effectively or pursuant to a sound strategy. Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 1053, 121 S.Ct. 2196, 149 L.Ed.2d 1027 (2001) (holding
that because the record was silent as to why defense counsel failed to object, it was
insufficient to overcome the presumption that his actions were part of a strategic plan);
Rios v. State, 990 S.W.2d 382, 385 (Tex. App.-Amarillo 1999, no pet.) (stating that claims
of ineffective assistance must be firmly founded in the record).

Issue Three - Admission of Evidence


 Appellant next complains of the trial court's decision to admit into evidence the
bloody shirt and pants of Billy Joe DeBusk, appellant's companion. The clothing was
allegedly inadmissible because it was irrelevant and its probative value was substantially
outweighed by the danger of unfair prejudice. We overrule the issue.

 Whether the trial court erred in admitting the evidence depends upon whether it
abused its discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). 
Whether it abused its discretion depends upon whether the decision fell outside the zone
of reasonable disagreement. Id. 

 Here, the evidence showed that during a fight, appellant used a knife to cut his
victim in the face several times. Appellant insinuated that he acted in self-defense. 
However, one witness testified that while appellant and this victim fought, DeBusk placed
a choke hold on the victim and so held him until the victim fell unconscious. It was while
the victim was in the grasp of DeBusk that appellant cut him, the witness continued. And,
given the laws of gravity, one could reasonably deduce that the blood ran down from the
cuts onto DeBusk's clothes. Thus, the evidence of DeBusk's bloody clothes served not
only to illustrate the severity of the victim's wounds but also to support the contention that
the cuts were not made in self-defense but resulted from two individuals attacking one. 
See Stewart v. State, 703 S.W.2d 745, 747 (Tex. Crim. App. 1985) (noting that evidence
of bloody clothes could be admissible to help the jury understand the facts in the case, and
it was entitled to no less). When so viewed, reasonable minds could then differ as to
whether the clothes were relevant to the issues at hand. Thus, the decision that they were
relevant did not fall outside the zone of reasonable disagreement.

 Next, while the sight of blood may stir emotion, the risk that it would so effect the
jury was no greater than that posed by the admission of three closeup pictures taken of the
victim's severely lacerated face and of the three pictures depicting patches of blood on the
ground. Moreover, appellant does not complain about that evidence on appeal. 
Additionally, the time needed to develop the evidence was not much; so, it cannot be said
that the factfinder was unduly distracted from considering the merits of the prosecution. 
Simply put, upon comparing the risk of potential prejudice caused by the clothing against
the relevance of the bloody clothes, reasonable minds could again disagree as to whether
the former substantially outweighed the latter. And, because they can, we cannot say that
the trial court abused its discretion in admitting the clothes.

Issue Four - Cruel and Unusual Punishment


 In his final issue, appellant contends that his sentence of 11 years imprisonment
and $5,000 fine was disproportionate to the offense and, therefore, constituted cruel and
unusual punishment. We overrule the issue.

 The contention now uttered was not asserted below. Consequently, appellant
waived it. Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding the
contention that appellant's right to be free of cruel and unusual punishment was waived
because the objection was not lodged in the trial court).

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn 

 Justice 


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004).