NO. 07-03-0301-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 29, 2004


______________________________



KENNON SHAW, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-437,619; HON. CECIL PURYEAR, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Kennon Shaw (appellant) appeals his conviction for possession of a controlled
substance, cocaine in a Drug Free Zone. Appellant pled not guilty and the case was tried
to a jury. Upon finding appellant guilty of the charged offense, the jury assessed
punishment at 50 years confinement. Appellant filed this appeal and counsel was
appointed.

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing
that she has searched the record and found no arguable grounds for reversal. The motion
and brief illustrate that counsel notified appellant of his right to review the appellate record
and file his own brief. So too did we inform appellant that any pro se response or brief he
cared to file had to be filed by December 1, 2003. Appellant subsequently filed a response
wherein he contended that 1) the evidence was insufficient to support his conviction, 2) he
was denied "his fundamental right to a fair trial," 3) the trial court abused its discretion when
it admitted evidence regarding extraneous acts and gang affiliation and 4) his punishment
"exceeds the statutory maximum."

 Regarding the argument that the evidence was insufficient to support his conviction,
appellant contends that the State failed to prove a culpable mental state to "possess in a
school zone." Furthermore, he contends that the jury charge "authorized the court to
discount the culpability of defendant to possess in a school zone and, instead allows the
placement of the school zone allegation as a separate enhancement without a culpable
mental state." And, law enforcement "forced [appellant] into a school zone" through "their
use of warning lights in their vehicles." To these we say, the mens rea contemplated by
the penal provision relates to the wrongful act, i.e. possessing the drug. The fact that it
took place in a "drug-free zone" simply enhances the punishment. Thus, the State need
not allege or establish that an accused had a particular mens rea regarding the location at
which he possessed the contraband. Fluellen v. State, 104 S.W.3d 152, 165 (Tex. App.--Texarkana 2003, no pet.). Thus, we overrule appellant's first issue.

 Next, appellant contends the evidence was factually insufficient to support his
conviction. This is so because the officers lacked probable cause to stop his vehicle, and
the officers' description of his clothing he was wearing in which the drug was found was
incorrect. In reviewing the evidence presented at the guilt/innocence phase, we find that
the police officers were acting upon an arrest warrant for appellant when he was stopped. 
After placing appellant under arrest pursuant to the warrant, the officers searched him and
found a substance which later tested positive for cocaine. Appellant, at trial, failed to
contest the validity of the arrest warrant or the search as incident to a valid arrest. And,
the officer's incorrect description of appellant's clothing did not cause the evidence to be
insufficient to support appellant's conviction. Therefore, we overrule the second
proposition raised by appellant.

 Next, appellant contends that he was denied his fundamental right to a fair trial. 
This was allegedly so because 1) he was denied ten days preparation for trial when the
State brought in a witness to testify on the day of trial, 2) the trial court allowed hearsay
evidence over objection and 3) the trial court admitted testimony regarding gang affiliation. 
As to the evidence about gangs, the trial court sustained the objection to which appellant
alludes in his brief. Thus, it cannot be said that the trial court erred in admitting the
evidence. As to the belated witness, appellant fails to identify him or her. Thus, we cannot
assess the viability of his claim. And, as to all the complaints uttered, he also failed to
proffer any argument in support of them. Thus, they are waived. See Franklin v. Enserch,
Inc., 961 S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.) (holding that the failure to
provide the court with any discussion of the facts and authorities relied on results in the
waiver of the complaint). 

 Next, appellant contends that the trial court abused its discretion in admitting
evidence regarding a fight while in jail and gang activity. Appellant contends that this was
error because it violated Rule 404(b) of the Texas Rules of Evidence and was irrelevant
to proving his commission of the charged offense. However, the evidence was offered
during the punishment phase of the trial, not guilt/innocence. Furthermore, evidence of
gang affiliation may be admitted during the punishment phase. McDuffie v. State, No. 07-01-0190-CR, 2001 LEXIS 8342 (Tex. App.--Amarillo December 14, 2001, no pet.) (not
designated for publication); see Tex. Code Crim. Proc. Ann. art. 37.07, §3(a)(1) (Vernon
Supp. 2004) (allowing the admission of any evidence the trial court deems relevant to
sentencing during the punishment phase). Similarly, evidence of appellant's propensity to
engage in fights with others may well come within the ambit of art. 37.07, §3(a)(1), or the
trial court could so conclude via the exercise of its discretion. Moreover, each incident was
not "unsubstantiated," contrary to appellant's suggestion. Thus, we overrule this argument
as well. 

 In his fifth issue, appellant contends that his punishment exceeded the statutory
maximum. According to appellant, he was charged with a state jail felony which can be
enhanced to a maximum of 20 years only. However, according to section 481.134 of the
Texas Health and Safety Code, if appellant's act occurred" in, on, or within 1,000 feet of
any real property that is owned, rented, or leased to a school or school board or the
premises of a public or private youth center," then the offense is elevated to a third degree
felony. See Tex. Health & Safety Code Ann. §§ 481.112(a), (b), 481.134(d)(1) (Vernon
2003). Thus, appellant simply was not charged with a state jail felony. Moreover, because
the indictment alleged at least two prior felony convictions, appellant's third degree felony
was punishable by a range of not less than 25 years or more than 99 years or life in prison. 
Tex. Penal Code Ann. 12.42(d) (Vernon Supp. 2004). Therefore, the 50-year sentence
he received was authorized by law. Accordingly, we overrule appellant's fifth issue.

 In compliance with the principles enunciated in Anders, appellate counsel discussed
two possible grounds for appeal. First, counsel raised question about the evidence of
possible gang affiliation presented during the punishment phase of trial. Then, counsel
noted how we held such evidence admissible in McDuffie v. State, No. 07-01-0190-CR,
2001 LEXIS 8342 (Tex. App.--Amarillo December 14, 2001, no pet.) (not designated for
publication). 

 Next, counsel discussed the range of punishment and the enhancement
paragraphs. Specifically, appellate counsel addressed trial counsel's argument that had
the trial court charged the jury to consider appellant's two prior convictions first before the
"drug free zone" enhancement then the maximum punishment to which appellant could be
subjected would be 20 years. However, appellate counsel explains why trial counsel's
argument was incorrect, and we agree with the explanation. 

 Finally, we also conducted an independent review of the record to determine
whether there existed reversible error and found none. See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).

 Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the
trial court.


 Brian Quinn

 Justice


Do not publish.