NO. 07-03-0301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 29, 2004

_____

KENNON SHAW,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-437,619; HON. CECIL PURYEAR, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Kennon Shaw (appellant) appeals his conviction for possession of a controlled substance, cocaine in a Drug Free Zone.  Appellant pled not guilty and the case was tried to a jury.  Upon finding appellant guilty of the charged offense, the jury assessed punishment at 50 years confinement.  Appellant filed this appeal and counsel was appointed.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that she has searched the record and found no arguable grounds for reversal.  The motion

and brief illustrate that counsel notified appellant of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by December 1, 2003. Appellant subsequently filed a response wherein he contended that 1) the evidence was insufficient to support his conviction, 2) he was denied "his fundamental right to a fair trial," 3) the trial court abused its discretion when it admitted evidence regarding extraneous acts and gang affiliation and 4) his punishment "exceeds the statutory maximum."

Regarding the argument that the evidence was insufficient to support his conviction, appellant contends that the State failed to prove a culpable mental state to "possess in a school zone." Furthermore, he contends that the jury charge "authorized the court to discount the culpability of defendant to possess in a school zone and, instead allows the placement of the school zone allegation as a separate enhancement without a culpable mental state." And, law enforcement "forced [appellant] into a school zone" through "their use of warning lights in their vehicles." To these we say, the *mens rea* contemplated by the penal provision relates to the wrongful act, *i.e.* possessing the drug. The fact that it took place in a "drug-free zone" simply enhances the punishment. Thus, the State need not allege or establish that an accused had a particular *mens rea* regarding the location at which he possessed the contraband. *Fluellen v. State,* 104 S.W.3d 152, 165 (Tex. App.--Texarkana 2003, no pet.). Thus, we overrule appellant's first issue.

Next, appellant contends the evidence was factually insufficient to support his conviction. This is so because the officers lacked probable cause to stop his vehicle, and the officers' description of his clothing he was wearing in which the drug was found was incorrect. In reviewing the evidence presented at the guilt/innocence phase, we find that

2

the police officers were acting upon an arrest warrant for appellant when he was stopped. After placing appellant under arrest pursuant to the warrant, the officers searched him and found a substance which later tested positive for cocaine. Appellant, at trial, failed to contest the validity of the arrest warrant or the search as incident to a valid arrest. And, the officer's incorrect description of appellant's clothing did not cause the evidence to be insufficient to support appellant's conviction. Therefore, we overrule the second proposition raised by appellant.

Next, appellant contends that he was denied his fundamental right to a fair trial. This was allegedly so because 1) he was denied ten days preparation for trial when the State brought in a witness to testify on the day of trial, 2) the trial court allowed hearsay evidence over objection and 3) the trial court admitted testimony regarding gang affiliation. As to the evidence about gangs, the trial court sustained the objection to which appellant alludes in his brief. Thus, it cannot be said that the trial court erred in admitting the evidence. As to the belated witness, appellant fails to identify him or her. Thus, we cannot assess the viability of his claim. And, as to all the complaints uttered, he also failed to proffer any argument in support of them. Thus, they are waived. *See Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.) (holding that the failure to provide the court with any discussion of the facts and authorities relied on results in the waiver of the complaint).

Next, appellant contends that the trial court abused its discretion in admitting evidence regarding a fight while in jail and gang activity. Appellant contends that this was error because it violated Rule 404(b) of the Texas Rules of Evidence and was irrelevant to proving his commission of the charged offense. However, the evidence was offered

3

during the punishment phase of the trial, not guilt/innocence. Furthermore, evidence of gang affiliation may be admitted during the punishment phase. *McDuffie v. State,* No. 07-01-0190-CR, 2001 LEXIS 8342 (Tex. App.--Amarillo December 14, 2001, no pet.) (not designated for publication); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a)(1) (Vernon Supp. 2004) (allowing the admission of any evidence the trial court deems relevant to sentencing during the punishment phase). Similarly, evidence of appellant's propensity to engage in fights with others may well come within the ambit of art. 37.07, §3(a)(1), or the trial court could so conclude via the exercise of its discretion. Moreover, each incident was not "unsubstantiated," contrary to appellant's suggestion. Thus, we overrule this argument as well.

In his fifth issue, appellant contends that his punishment exceeded the statutory maximum. According to appellant, he was charged with a state jail felony which can be enhanced to a maximum of 20 years only. However, according to section 481.134 of the Texas Health and Safety Code, if appellant's act occurred" in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board or the premises of a public or private youth center," then the offense is elevated to a third degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (b), 481.134(d)(1) (Vernon 2003). Thus, appellant simply was not charged with a state jail felony. Moreover, because the indictment alleged at least two prior felony convictions, appellant's third degree felony was punishable by a range of not less than 25 years or more than 99 years or life in prison. TEX. PENAL CODE ANN. 12.42(d) (Vernon Supp. 2004). Therefore, the 50-year sentence he received was authorized by law. Accordingly, we overrule appellant's fifth issue.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two possible grounds for appeal. First, counsel raised question about the evidence of possible gang affiliation presented during the punishment phase of trial. Then, counsel noted how we held such evidence admissible in *McDuffie v. State,* No. 07-01-0190-CR, 2001 LEXIS 8342 (Tex. App.--Amarillo December 14, 2001, no pet.) (not designated for publication).

Next, counsel discussed the range of punishment and the enhancement paragraphs. Specifically, appellate counsel addressed trial counsel's argument that had the trial court charged the jury to consider appellant's two prior convictions first before the "drug free zone" enhancement then the maximum punishment to which appellant could be subjected would be 20 years. However, appellate counsel explains why trial counsel's argument was incorrect, and we agree with the explanation.

Finally, we also conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

5