NO. 07-03-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2004
_____

JONATHAN RAY GRIFFIN, SR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 252ND CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 81,858; HON. LAYNE WALKER, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Jonathan Ray Griffin, Sr. (appellant) appeals his conviction for manslaughter. Via three issues, he contends that the trial court erred 1) in failing to grant him a mistrial after the prosecutor impermissibly commented on his failure to testify and 2) in permitting the State to utter improper argument during its closing. We affirm.

### *Background*

Appellant had two children with LaDanna McQueen (McQueen). One was a girl, L.R.G., who was born on February 21, 2000. On May 27, 2000, appellant was watching his two children while McQueen was at work. McQueen arrived home the next morning

between 2:15 and 2:45 a.m. She checked with appellant about the children, and he advised her that everyone was okay. McQueen went to sleep on a loveseat next to the couch where her daughter was laying. The next morning appellant awoke McQueen by advising her "that something was wrong with the baby." McQueen held L.R.G., felt "how cold she was," and then called 911. An EMS crew arrived and determined that the baby had been dead for some time.

An autopsy revealed that the infant died from trauma to her head that caused lacerations to the brain. Upon questioning by the police, appellant admitted to hitting the child three times on the back of her head with his fist. These acts were determined to have caused the trauma.

Evidence also was presented at trial illustrating that appellant was "low borderline to high mild mental retardation." Thereafter, a jury convicted him of manslaughter and levied a sentence of 20 years in prison.

### Issue One - Comment on Right to Remain Silent

Appellant contends that the trial court erred in denying his motion for mistrial after the prosecutor impermissibly commented on his right to remain silent. The comment in question involved the prosecutor asking the first witness to testify at trial about whether appellant ever expressed whether "he was sorry . . . ." Appellant objected to the question on the ground mentioned above, and the trial court sustained the objection. However, it denied his request for mistrial. We overrule the issue.

It is clear that when the complained of comment was uttered, the State had not closed its case. Nor had appellant rested. Similarly clear is that the utterance did not contain words expressly referring to appellant's silence during trial or invocation, if any, of

2

any right against self-incrimination. Rather, the context of the statement involved two letters written by appellant and sent to McQueen. According to the latter, she construed them as his asking for forgiveness. In response to that, the prosecutor asked whether appellant talked to her or told "you he was sorry about . . . ." At that point, appellant objected.

Given the context and timing of the utterance, we do not construe it to be one that "was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify." *Caldwell v. State*, 818 S.W.2d 790, 800 (Tex. Crim. App. 1991) (quoting *Dickinson v. State*, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984)) (describing the quoted passage to be the relevant test); *see Bustamante v. State*, 48 S.W.3d 761, 767 (Tex. Crim. App. 2001) (stating that the timing of the comment is a factor to consider in assessing whether it was an improper); *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992) (requiring the comment to be more than "an implied or indirect allusion" to the failure of the accused to testify). And, because it fell outside the scope of utterances as defined in and prohibited by *Caldwell*, it was not a comment on the failure to testify even though the trial court may have believed otherwise. Thus, no error occurred when the trial court refused to grant a mistrial.

### Issues Two and Three

In his final two issues, appellant contends that the trial court erred "by allowing improper jury argument." The improper argument allegedly consisted of the prosecutor uttering comments "contrary to the court's charge" and alluding to matters outside the record. We overrule the issues.

3

In pressing his contention, appellant provides us, in his brief, lengthy excerpts of the State's argument. However, he does not expressly refer to the particular utterances he urges, on appeal, to be objectionable. This is of import for some of the comments to which he objected (and which were included in the excerpts) were not preserved due to his failure to request an instruction to disregard and move for a mistrial once the initial objection was sustained. *See Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App.), *cert. denied*, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995) (stating that to preserve an objection for prosecutorial misconduct one must not only object but also request an instruction to disregard and move for a mistrial). Moreover, none of the objections contained in the excerpts specifically include an objection founded upon the contention that the prosecutor was arguing "matters outside the record." Nor does appellant explain how or why any matter purportedly outside the record was outside the record and, therefore, improper comment. So too did he fail to suggest, much less explain, why the trial court's instruction to disregard the comments did not cure the error. *See Wilson v. State,* 7 S.W.3d 136, 148 (Tex. Crim. App. 1999) (holding that an instruction to disregard normally cures the error unless it was so egregious that an instruction would have little effect).

Similar deficiencies are noted with regard to the complaint about arguing "the law in a manner contrary to the courts [sic] charge." Again, nowhere do any of the excerpts reference an objection specifically incorporating the objection that the argument contradicted the trial court's jury charge. Nor did appellant provide us with specific explanation, and supporting authority, illustrating that anything said by the State was contrary to the charge and, therefore, improper. And, to the extent that it could be said that appellant refers to a comment about the jury being unable to consider his mental

4

retardation while assessing guilt, the trial court sustained the objection. However, appellant did not request an instruction or move for a mistrial.

As to the objection about what appellant's "job" at trial consisted of, he again omits explanation as to why the instruction to disregard did not cure the purported error. Nor does he provide us with authority or analysis illustrating that the comment was actually improper.

Given that appellant did not specify the particular comments encompassed within his issues on appeal, that various of the objections uttered below were not preserved for review, that various of the objections urged now were unmentioned below, that appellant fails to provide us with any explanation as to why any of the excerpts to which he alludes was improper, that appellant fails to argue that (much less explain why) the purported errors were not cured by the court's instruction to disregard, and that appellant fails to provide us with legal authority supporting his contention that what the State argued constituted either impermissible comment outside the record or comment contradicting the charge, we conclude that issues two and three were waived. *See Coffey v. State,* 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (holding that an issue on appeal must comport with the objection asserted at trial); *Franklin v. Enserch*, Inc., 961 S.W.2d 704, 711 (Tex. App.–Amarillo 1998, no pet.) (requiring the appellant to provide the appellate court with both substantive analysis and legal authority supporting its issue or the complaint is waived).

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn

Do not publish.                                                    Justice

5