Opinion issued July 29, 2004



     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00839-CR
          01-02-00840-CR
          01-02-00841-CR
          01-02-00842-CR




HENRY POTTHAST MASSEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 888,985; 888,986; 888,987; & 888,988




MEMORANDUM OPINION

          After a bench trial, appellant, Henry Potthast Massey, was found guilty of three
offenses of tampering with a government record and one offense of theft. The trial
court sentenced appellant to a $10,000 fine and two years’ confinement for each
tampering offense, and eight years’ confinement for the theft, with the sentences to
run concurrently. The trial court also ordered appellant to pay restitution of $329,600
to his deceased daughter’s estate trust. On appeal, appellant contends that the order
of restitution conflicts with the oral pronouncement of judgment and that he was
denied due process when the trial court failed to apply the doctrine of unclean hands
and refused to grant his motion for a continuance.


 We affirm.
Background
          In 1995, two years after appellant’s daughter, Courtney, was killed in a car
accident, appellant settled a wrongful death lawsuit; $371,138.94 was awarded to his
daughter’s estate. Appellant’s ex-wife sought to use appellant’s portion of
Courtney’s estate to satisfy a judgment she had obtained against appellant. The
probate judge placed the money in a safekeeping account pending resolution of the
matter. Appellant’s other daughter, Ann, obtained an order from the judge permitting
her to withdraw money from the account to pay burial costs and attorney’s fees
related to Courtney’s death. Appellant used this court order as a template for creating
fictitious orders to withdraw more money from the safekeeping account, without
judicial knowledge or permission. He then persuaded Ann to disburse funds, created
false accounting statements to provide to the trial court, and forged Ann’s signature
on these statements and other documents. Within four years, appellant depleted the
entire account.
          At trial, appellant admitted tampering with documents and offered more than
once to make full restitution, but contended he was not guilty of theft because the
assets in Courtney’s estate belonged not to the estate, but to him.
Order of Restitution
          In his first point of error, appellant contends that, because the trial court’s oral
pronouncement of eight years imprisonment for the theft offense made no mention
of restitution, this Court should strike the written addendum to the judgment requiring
him to make restitution of $329,600 to Courtney’s estate.
          The oral and written pronouncements of appellant’s punishment are the
same—eight years’ imprisonment. Restitution is not part of a judgment; rather, it is
a separate recommendation to the parole board based on evidence adduced at trial. 
See Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). We review a
restitution award under an abuse of discretion standard. Id. The amount of restitution
recommended must be just and must (1) have a factual basis in the record; (2) be
ordered for a crime the defendant committed; and (3) be within the amount of loss
sustained by the victim. Id. at 699. Here, the record shows that appellant
misappropriated at least $329,600 from his deceased daughter’s trust. This is the
amount of restitution recommended as a condition of parole and is thus a just amount. 
Morever, as the State notes and the record reflects, appellant repeatedly expressed his
willingness and ability to make full restitution, and promised to do so whenever the
judge determined that he should. Accordingly, he cannot now complain on appeal
about being ordered to pay restitution. See id. at 702 (noting that because defendant
asked court to award restitution to victims, he was precluded from raising complaint
regarding restitution on appeal). 
          We overrule the first point of error.
Due Process
          In his second, multifarious point of error, appellant argues that he was denied
due process when (1) his attorney failed to establish the application of the doctrine
of unclean hands and (2) the trial court denied his motion for continuance. Appellant,
however, has failed to develop any legal argument with proper citations to authority
or to relate the law to the facts with appropriate citations to the record. 
          Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall
contain, among other things, a concise statement of the facts of the case, supported
by record references, and a clear and concise argument for the contentions made with
appropriate citations to authorities and the record. Tex. R. App. P. 38.1. Rule 38.1
is not satisfied by merely uttering brief, conclusory statements, unsupported by
appropriate legal citation. See Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App.
1992); Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.—Amarillo 1998,
no pet.). Moreover, mere citations are not sufficient to comprise an argument that
suffices under Rule 38.1. An appellant’s brief also must argue to the court the law
and the facts that weigh in the party’s favor. See State v. Gonzalez, 855 S.W.2d 692,
697 (Tex. Crim. App. 1993); McFarland v. Sanders, 932 S.W.2d 640, 647 (Tex.
App.—Tyler 1996, no writ). When appellant cites to the exhibits, he wholly fails to
discuss the facts in light of legal authority to uphold his burden of demonstrating to
this court that the trial court committed error. 
          Given the foregoing, we conclude that appellant has failed to adequately brief
this point of error. See Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App.
2003); McCarthy v. State, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2001). It is not this
court’s burden to formulate appellant’s argument. See Tex. R. App. P. 38.1(h). 
Because appellant has failed to discuss the law and the facts and to make cogent
arguments concerning how we should decide the issue, appellant has waived these
issues on appeal. 
          The State interprets appellant’s second point of error as an assertion of
ineffective assistance of counsel. To the extent that appellant makes this argument,
he cannot prevail. There is nothing in the record to indicate trial counsel’s strategy. 
Without such information, we cannot evaluate the merits of such a complaint. See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
          Finally, had appellant preserved his complaint regarding denial of his motion
for continuance, the record reflects that the trial court did not err in denying the
motion. Appellant’s written reasons—to locate missing witnesses—varied from the
reasons he orally gave to the trial court—to obtain paperwork and replace his counsel.
Moreover, the motion for continuance contained neither the addresses nor the content
of the testimony appellant expected his missing witnesses to provide. This
information must be provided to properly preserve error. See Tex. Code Crim. Proc.
Ann. art. 29.06 (Vernon 1989); Cates v. State, 72 S.W.3d 681, 691-92 (Tex.
App.—Tyler 2001, no pet.).
          We overrule appellant’s second point of error.
We affirm the judgment of the trial court.
 
 
                                                   Evelyn V. Keyes
                                                   Justice


Panel consists of Chief Justice Radack and Justices Keyes and Bland.

Do not publish. Tex. R. App. P. 47.2(b).