NO. 07-02-0478-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 23, 2005



______________________________




CONSECO FINANCE SERVICING CORP. F/K/A, 


GREEN TREE FINANCIAL SERVICING CORPORATION, APPELLANT



V.



ELIPIDIO CABRERA, HERIBERTHA CABRERA AND


ALL UNKNOWN OCCUPANTS, APPELLEES




_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 7736; HONORABLE GORDON H. GREEN, JUDGE



_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.



ORDER



 On December 9, 2002, the clerk's record was filed with the Clerk of this Court. 
Among other things, appellant's motion for default judgment alleges that the defendants
Elipidio Cabrera, Heribertha Cabrera, and All Unknown Occupant(s) were served according
to law, and that the citations were returned to the Clerk. By request to the clerk for
preparation of the clerk's record, counsel for appellant did not request the citations and
proof of service on defendants be included in the clerk's record.

 Pursuant to Tex. R. App. P. 34.5(1), the clerk for the 287th District Court of Bailey
County is directed to prepare and file a certified supplemental clerk's record to include the
citations and returns thereof served on Elipidio Cabrera, Heribertha Cabrera, and All
Unknown Occupants(s), the designated defendants. We further direct the clerk to file the
supplemental clerk's record with the Clerk of this Court on or before 5:00 p.m. on July 7,
2003.

 It is so ordered.

 Per Curiam 





ne
to high mild mental retardation." Thereafter, a jury convicted him of manslaughter and
levied a sentence of 20 years in prison.

 Issue One - Comment on Right to Remain Silent


 Appellant contends that the trial court erred in denying his motion for mistrial after
the prosecutor impermissibly commented on his right to remain silent. The comment in
question involved the prosecutor asking the first witness to testify at trial about whether
appellant ever expressed whether "he was sorry . . . ." Appellant objected to the question
on the ground mentioned above, and the trial court sustained the objection. However, it
denied his request for mistrial. We overrule the issue.

 It is clear that when the complained of comment was uttered, the State had not
closed its case. Nor had appellant rested. Similarly clear is that the utterance did not
contain words expressly referring to appellant's silence during trial or invocation, if any, of
any right against self-incrimination. Rather, the context of the statement involved two
letters written by appellant and sent to McQueen. According to the latter, she construed
them as his asking for forgiveness. In response to that, the prosecutor asked whether
appellant talked to her or told "you he was sorry about . . . ." At that point, appellant
objected.

 Given the context and timing of the utterance, we do not construe it to be one that
"was manifestly intended or was of such character that the jury would naturally and
necessarily take it to be a comment on the accused's failure to testify." Caldwell v. State,
818 S.W.2d 790, 800 (Tex. Crim. App. 1991) (quoting Dickinson v. State, 685 S.W.2d 320,
323 (Tex. Crim. App. 1984)) (describing the quoted passage to be the relevant test); see
Bustamante v. State, 48 S.W.3d 761, 767 (Tex. Crim. App. 2001) (stating that the timing
of the comment is a factor to consider in assessing whether it was an improper); Swallow
v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992) (requiring the comment to be more
than "an implied or indirect allusion" to the failure of the accused to testify). And, because
it fell outside the scope of utterances as defined in and prohibited by Caldwell, it was not
a comment on the failure to testify even though the trial court may have believed otherwise. 
Thus, no error occurred when the trial court refused to grant a mistrial.

Issues Two and Three


 In his final two issues, appellant contends that the trial court erred "by allowing
improper jury argument." The improper argument allegedly consisted of the prosecutor
uttering comments "contrary to the court's charge" and alluding to matters outside the
record. We overrule the issues.

 In pressing his contention, appellant provides us, in his brief, lengthy excerpts of the
State's argument. However, he does not expressly refer to the particular utterances he
urges, on appeal, to be objectionable. This is of import for some of the comments to which
he objected (and which were included in the excerpts) were not preserved due to his failure
to request an instruction to disregard and move for a mistrial once the initial objection was
sustained. See Penry v. State, 903 S.W.2d 715, 764 (Tex. Crim. App.), cert. denied, 516
U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995) (stating that to preserve an objection for
prosecutorial misconduct one must not only object but also request an instruction to
disregard and move for a mistrial). Moreover, none of the objections contained in the
excerpts specifically include an objection founded upon the contention that the prosecutor
was arguing "matters outside the record." Nor does appellant explain how or why any
matter purportedly outside the record was outside the record and, therefore, improper
comment. So too did he fail to suggest, much less explain, why the trial court's instruction
to disregard the comments did not cure the error. See Wilson v. State, 7 S.W.3d 136, 148
(Tex. Crim. App. 1999) (holding that an instruction to disregard normally cures the error
unless it was so egregious that an instruction would have little effect). 

 Similar deficiencies are noted with regard to the complaint about arguing "the law
in a manner contrary to the courts [sic] charge." Again, nowhere do any of the excerpts
reference an objection specifically incorporating the objection that the argument
contradicted the trial court's jury charge. Nor did appellant provide us with specific
explanation, and supporting authority, illustrating that anything said by the State was
contrary to the charge and, therefore, improper. And, to the extent that it could be said that
appellant refers to a comment about the jury being unable to consider his mental
retardation while assessing guilt, the trial court sustained the objection. However, appellant
did not request an instruction or move for a mistrial.

 As to the objection about what appellant's "job" at trial consisted of, he again omits
explanation as to why the instruction to disregard did not cure the purported error. Nor
does he provide us with authority or analysis illustrating that the comment was actually
improper. 

 Given that appellant did not specify the particular comments encompassed within
his issues on appeal, that various of the objections uttered below were not preserved for
review, that various of the objections urged now were unmentioned below, that appellant
fails to provide us with any explanation as to why any of the excerpts to which he alludes
was improper, that appellant fails to argue that (much less explain why) the purported
errors were not cured by the court's instruction to disregard, and that appellant fails to
provide us with legal authority supporting his contention that what the State argued
constituted either impermissible comment outside the record or comment contradicting the
charge, we conclude that issues two and three were waived. See Coffey v. State, 796
S.W.2d 175, 179 (Tex. Crim. App. 1990) (holding that an issue on appeal must comport
with the objection asserted at trial); Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex.
App.-Amarillo 1998, no pet.) (requiring the appellant to provide the appellate court with
both substantive analysis and legal authority supporting its issue or the complaint is
waived).

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn

Do not publish. Justice