### AMERICAN NAT. FIRE INS. CO v. LOVELLETTE INV. CO.

#### No. 2840.

Court of Civil Appeals of Texas. El Paso. June 1, 1933.

H. F. Thompson and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error.

B. F. Gafford, of Sherman, and H. H. Cummins, of Denison, for defendant in error.

PELPHREY, Chief Justice.

On April 28, 1931, Mr. Maples, an agent of plaintiff in error employed at Denison, Tex., issued to defendant in error policy No. SW— 4046, insuring against windstorm and hail. On August 25, 1931, while the policy was still in existence, there was a severe hailstorm in Denison.

Defendant in error was the owner of the Williams Garage building in Denison, and, after the hailstorm, made certain repairs on the roof amounting to $337.50. On December 22, 1931, defendant in error filed this suit against appellant and the Monarch Fire Insurance Company of Cleveland, Ohio, seeking to recover the sum of $337.50, the alleged damages to a building owned by it in Denison, Tex.

Defendant in error later filed an amended petition dismissing the Monarch Fire Insurance Company of Cleveland, Ohio, in which it alleged the issuance to it of a $5,000 policy by plaintiff in error on a two-story brick building located at 100–102 East Main street, block 54, Denison, Tex.; that on the 25th day of August, 1931, while said policy was in full force and effect, its property was damaged by windstorm, cyclone, tornado, and hail in the amount of $337.50; and that plaintiff in error, after having received proof of such loss, had refused to pay same.

Plaintiff in error demurred generally and specially to the petition, generally denied the allegations of the petition, and by special answer alleged that by the provisions of the policy it was liable for only two-thirds of the loss sustained.

Upon a trial before the court, judgment was rendered that defendant in error recover of and from plaintiff in error the full amount of the damages alleged.

This appeal is from that judgment.

The errors assigned are: That the evidence is insufficient to support the judgment, and that the court erred in admitting evidence as to what it cost to repair the building.

The sufficiency of the evidence is attacked because neither the policy sued upon nor its contents was introduced; because there was no competent evidence as to the amount of damages; and because there was no evidence introduced that the building damaged was the same building insured or the same building alleged in defendant in error's petition.

The policy upon which the suit was based was not introduced in evidence, nor was there any evidence as to its provisions introduced except the testimony of the witness Maples that he issued Policy No. SW— 4046 insuring against windstorm and hail to defendant in error on April 28, 1931, and that such policy was in existence on August 25, 1931. It thus appears that there was no evidence as to what property was covered by the policy sued on.

There is some evidence from other witnesses that the roof of the Williams Garage building was damaged by hail, but nowhere is that building identified as the building described in the petition of defendant in error. Either the policy or its contents should have been introduced to support a judgment thereon, Fidelity Phenix Fire Ins. Co. v. Sa-

dau (Tex. Civ. App.) 159 S. W. 137; 13 C. J. § 930, p. 757; and the fact that the policy was attached to the petition would not meet the requirement. While the petition recites that the policy is attached thereto, it does not appear in the transcript here.

Defendant in error's objection to a consideration of the assignments of plaintiff in error because they were not filed in the trial court is without merit. Article 1844, as amended by the Acts of the Forty-Second Legislature (1931) c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844); Ætna Ins. Co. v. Malacord & Son et al. (Tex. Civ. App.) 45 S.W.(2d) 232.

The judgment is reversed, and the cause remanded.