**Mary CARTER, Appellant,**

v.

**UNION BANKERS INSURANCE COM-
PANY, Appellee.**

**No. 4940.**

Court of Civil Appeals of Texas,
Waco.

Dec. 22, 1970.

Rehearing Denied Jan. 14, 1971.

May, Troy & Block, Wm. C. Block,
Sanders & Nolen, Harless R. Benthul, Dal-
las, for appellant.

Akin, Vial, Hamilton, Koch & Tubb,
James Tubb, Dallas, for appellee.

OPINION

WILSON, Justice.

Summary judgment was rendered against the beneficiary in this suit on a life insurance policy. The sole question is whether the insurance was in effect. The trial court held, in effect, that it was not. We affirm.

An amount equal to the first premium was paid by the beneficiary on June 22 with her application for insurance on the life of a child, her nephew. The insurance company issued a binding receipt which provided that the effective date of the policy would be the date of the application, provided the proposed insured was on the date of the application "insurable and acceptable for the policy exactly as applied for, as determined at the home office of the company in accordance with its rules and practices" and the company "issues the policy exactly as applied for within 30 days from the date of this receipt".

On June 28 the company sent appellant beneficiary a "delay notice" stating additional information was necessary before action could be taken on the application, and "as soon as this information is received you will be notified."

The insured was killed July 31. On October 9 the insurance company wrote the beneficiary, following proofs of loss, that it had written on June 28 to the insured's doctor, shown on the application, requesting information, but did not receive a reply within the 30-day period from the date of the receipt; that it did receive a medical record from a hospital in September, "and it is questionable that the policy could have been issued as applied for in view of this." The letter stated there were two points to consider: that the policy could not have been issued within the 30-day period without the requested information, and there

was a question as to the standard insurability of applicant.

Appellant alleged and here urges a question of fact was raised that if the insurance company did find the deceased was not insurable, the determination was not made in good faith; and a question of fact also exists as to whether he was insurable. Appellant relies principally on United Founders Life Insurance Co. v. Carey (Tex.Sup. 1962) 363 S.W.2d 236 and National Life and Accident Ins. Co. v. Blagg (Tex.Sup. 1969) 438 S.W.2d 905.

These issues concerning good faith and insurability are not reached in this case. No policy was issued within 30 days. Determination of the question of insurability (either in good faith or bad faith) did not affect the failure to issue the policy under the undisputed record.

The binding receipt provided in effect that insurance would not be effective unless the company actually issued a policy within 30 days. The provision that insurance is conditioned on issuance of the policy is valid. 2 A.L.R.2d 943, 944; 43 Am.Jur.2d Insurance, Sec. 223, p. 285; 9 Couch on Insurance 2d Sec. 39:54, p. 467; and see Smith v. Rio Grande Nat. Life Ins. Co. (Tex.Civ.App. 1950, writ ref.) 227 S.W. 2d 579, 580, syl. 3; Southwestern Life Ins. Co. v. Evans (Tex.Civ.App., 1953, writ ref.) 262 S.W.2d 512; American Casualty and Life Ins. Co. v. Parish (Tex.Civ.App. 1962) 355 S.W.2d 781, 784, syl. 9; Snow v. Gibraltar Life Ins. Co. of America (Tex. Civ.App., 1959, writ ref. n. r. e.) 326 S.W.2d 501, 505, syl. 4.

The "delay notice" does not give rise to estoppel as urged by appellant. There is nothing in the notice to suggest the condition of issuance of the policy will not be effective, or to induce or influence prejudicial conduct in reliance on it. The elements of equitable estoppel are not present. Gulbenkian v. Penn (1952), 151 Tex. 412, 252 S.W.2d 929, 932; Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660, 663. Affirmed.