RANGER COUNTY MUTUAL INSURANCE COMPANY, Appellant,

v.

CHRYSLER CREDIT CORPORATION, Appellee.

No. 4586.

Court of Civil Appeals of Texas, Eastland.

March 9, 1973.

Rehearing Denied April 6, 1973.

Thompson, Coe, Cousins, Irons & Porter, Arthur W. Stone, Dallas, for appellant.

Irion, Cain, Magee & Davis, Tedford E. Kimbell, Dallas, for appellee.

WALTER, Justice.

Chrysler Credit Corporation recovered a judgment against Ranger County Mutual Insurance Company on a binder contract of insurance and the Insurance Company has appealed.

James Willie Edwards purchased a car and financed it with Chrysler. A. V. May was the person who took care of the insurance for Edwards. Chrysler introduced a letter dated February 15, 1971 from May informing it that a binder had been issued showing Chrysler as the lienholder and among other things contained the following: "Actual policy will follow in a few days." Chrysler requested Ranger to admit the following facts:

"1. That on or about the 15th day of February, 1971, the Defendant, Ranger County Mutual Insurance Company issued a binder of insurance on a certain 1970 Dodge automobile, motor or vehicle identification number WS23UOG137045 with James Willie Edwards as the named insured and Chrysler Credit Corporation as the loss payee.

2. That on or about February 24, 1971, the Defendant, Ranger County Mutual Insurance Company paid a collision loss on said Dodge automobile in the amount of $562.60 by its draft number 180728.

3. That the aforementioned draft of the Defendant, numbered 180728, showed Chrysler Credit Corporation as one of the payees.

4. That the Defendant Ranger County Mutual Insurance Company on or about March 22, 1971, notified its producing agent, A. V. May Insurance, 121 N. Beaton, Corsicana, Texas, in writing that the Defendant was unable to approve the application of James Willie Edwards for insurance on the subject 1970 Dodge automobile, but that the Defendant was extending its binder of insurance on this particular risk until April 1, 1971.

5. That prior to August 1, 1971, no other written notice was made or transmitted in any manner by the Defendant, Ranger County Mutual Insurance Company, to either the insured, James Willie Edwards, or the loss payee, Chrysler Credit Corporation, concerning the Defendant's inability to approve the application of the insured James Willie Edwards on the subject 1970 Dodge automobile or concerning the Defendant's extension of its binder of insurance until April 1, 1971, on this particular risk, except that written notice sent on or about March 22, 1971, to its producing agent, A. V. May Insurance, referred in the next preceding request for admissions." Ranger answered said request as follows:

"1. Admitted, except that the date is the 14th day of February, and the vehicle identification number is, to the best of our knowledge, WS23VOG137045.

2. Admitted.

3. Admitted.

4. Admitted.

5. Request No. 5 cannot be admitted or denied, because such notice could have been given in a number of ways by any number of people. Thus, it is obviously impossible for Defendant to truthfully admit or deny this request."

Ranger contends the court erred in excluding from the evidence its Exhibit #2 which is a purported copy of a Texas Standard Automobile Liability Binder and its Exhibit #3 and #4 which are two copies of a letter dated March 22, 1971 from the company to Mr. May informing him that it was unable to approve Edwards' application for insurance because of his driving record. It also informed him that the company was extending the binder on the risk until April 1, 1971.

Chrysler objected to the introduction of these exhibits because no excuse for the failure to produce the original had been made and because they were not the best evidence.

In Travis County Water Control and Improvement District No. 12 v. McMillen, Tex.Civ.App., 414 S.W.2d 450 at page 452 (Tex.Sup.1966), the Court said:

"The production of the original document is excused when it is established to the satisfaction of the court that the document in question has been lost or destroyed."

When asked if he had seen the original of which defendant's Exhibit #2 was a copy, Ernest Sherer, Ranger Branch Claims Manager in Dallas, replied that he had not seen the original and that it "would be in Mr. May's office." Mr. Sherer testified he did not know where the original of Ranger's Exhibits #3 and #4 were.

"In Texas it is clear that such reproductions, as for example, carbon copies, letter-press copies, and photographic copies, are not admissible as 'originals,' without accounting for the document itself." Texas Law of Evidence, McCormick and Ray 2, page 407.

■ The record reveals that no proper predicate was laid by Ranger for the introduction of secondary evidence of the original writings and therefore, the court did not err in rejecting them.

■ The insurance company's reply to the request for admissions set out above constitutes judicial admissions. See Henry Thornell v. The Equitable Life Assurance Society of the United States, 385 S.W.2d 716 (Tex.Civ.App.—Texarkana 1964, no writ hist.).

The parties stipulated as follows: ". . . that the policy which would have been issued to cover the risk of the kind in question in this cause, is the Texas Standard Automobile Liability Insurance policy, together with the Texas Standard Form 112–A, Loss Payable Clause, Individual policies, according to Plaintiff's Exhibits 1 and 2 made a part of the evidence of this cause." The 112–A loss payable clause contains the following: "The Company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the company shall have the right, on like notice, to cancel this agreement."

■ The insurance company judicially admitted it issued the binder contract. The insurance binder is not in evidence. If it had been admissible it would have shown that it expired by its own terms prior to the loss. However, the state of the evidence conclusively shows, by judicial admission, that the binder was issued and that no notice of cancellation was given to Chrysler. We look to the Loss Payable Clause to aid us in determining the duration of the binder contract. "The binder is subject to the conditions of the policy contemplated, though such policy may never issue." Great American Ins. Co. of New York v. Maxey, 193 F.2d 151 (U.S.Ct. of App., Fifth Circuit 1951). This record

shows that the binder contract was in force at the time of the loss.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.