RANGER COUNTY MUTUAL INSURANCE COMPANY, Petitioner,

v.

CHRYSLER CREDIT CORPORATION, Respondent.

No. B–4015.

Supreme Court of Texas.

Sept. 19, 1973.

Rehearing Denied Dec. 12, 1973.

Thompson, Coe, Cousins, Irons & Porter, Arthur W. Stone, Dallas, for petitioner.

Irion, Cain, Magee & Davis, Tedford E. Kimbell, Dallas, for respondent.

DANIEL, Justice.

This case involves the construction and effect of an automobile insurance binder which was not introduced in evidence. The suit was brought by Chrysler Credit Corporation, mortgagee, against Ranger County Mutual Insurance Company alleging that Ranger had issued a binder to its mortgagor, James Willie Edwards, insuring from risk of collision a 1970 Dodge automobile, with Chrysler's interest insured as a lienholder. Chrysler alleged and proved that such a binder was issued on February 15, 1971, but did not allege or offer evidence that the binder contract or any policy of insurance was in effect when the subject loss occurred on July 12, 1971. Ranger alleged that the binder was effective only until April 1, 1971, and expired by its own terms without any policy ever having been issued. It is undisputed that no policy was actually issued.

Chrysler not only failed to introduce the binder contract upon which it sued, but it objected to an introduction of a purported copy of same by Ranger. The trial court sustained the objection to this exhibit and copies of other exhibits offered by Ranger to show expiration of the binder contract by its own terms on April 1, 1971, on the grounds that a proper predicate had not been laid for the admission of secondary evidence. At the close of the evidence, Chrysler requested submission of no issues and both parties filed motions for a direct-

ed verdict. The trial court dismissed the jury, overruled Ranger's motion, and granted Chrysler's motion for judgment in the sum of $1,700.00. The Court of Civil Appeals affirmed. 492 S.W.2d 371. We reverse and render.

Chrysler contended and the Court of Civil Appeals held that the following admissions, stipulations and undisputed evidence were sufficient to support the trial court's judgment: that an automobile insurance binder was issued by Ranger on February 15, 1971, with Edwards as the named insured and Chrysler as the loss payee; that on the same day, A. V. May, Corsicana insurance agent who placed the policy with Ranger's recording agent, notified Chrysler of the binder and said, "actual policy will follow in a few days"; that Ranger paid a loss to Edwards and Chrysler resulting from a collision on February 24, 1971; that Ranger notified the producing agent, A. V. May, in writing on or about March 22, 1971, that it was unable to approve the application of Edwards for insurance on the automobile, but would extend its binder until April 1, 1971; that if a policy had been issued, it would have been the Texas Standard Automobile Liability Insurance Policy, together with the Standard Form 112–A Loss Payable Clause for protection of lienholder; and that no notice was given by Ranger to Chrysler concerning its inability to issue a policy on the termination date of the binder.

It is undisputed that the insurance broker, A. V. May, had no agency agreement with Ranger. He merely acted for Edwards in obtaining the binder contract through Ranger's local recording agent. In fact, it was stipulated that "Mr. A. V. May had no written agency agreement with the Defendant . . ." and that "Ranger Allied Underwriters is the local recording agent for Ranger County Mutual Insurance Company for the purpose of issuing binders for automobile liability insurance." May's letter to Chrysler was not as agent for Ranger. Thus, this appeal presents no questions relating to the effect of any direct contractual obligations or estoppels between the parties due to acts or omissions of A. V. May.

Ranger sought to introduce a purported copy of the original binder agreement, which recites that it is for a period of 40 days from February 14, 1971, and that "liability hereunder shall terminate with the issuance of a policy, or upon date binder is otherwise terminated," along with copies of two notices from Ranger to A. V. May dated March 22, 1971, stating that it could not approve the application of Edwards because of his driving record; but stating "We are hereby extending the binder on this risk until 4/1/1971, a period of ten additional days coverage, in order to give you time to place coverage elsewhere." Ranger, as Petitioner, does not complain here of the Court of Civil Appeals' holding that the trial court properly sustained Chrysler's objections to these documents. Its only point here is that there is no evidence in the record to support the holding of the Court of Civil Appeals that, as a matter of law, the binder contract was in force at the time of the loss.

The Court of Civil Appeals concedes that, "If it [the binder] had been admissible it would have shown that it expired by its own terms prior to the loss," and then proceeds to look to the Loss Payable Clause in the policy, which would have been issued, if Ranger had issued a policy, "to aid us in determining the duration of the binder contract." The Loss Payable Clause in the policy, which was not issued, provides for the company's right to cancel the policy after giving the lienholder ten days notice. From this the Court deduces that, in the state of this record, the binder contract likewise must be construed to have a duration until ten days after notice of cancellation, and that it was therefore in effect at the time of the loss.

In so holding, the Court of Civil Appeals has failed to consider that the burden was upon the plaintiff, Chrysler, to show that the binder contract was in force

on the date of the loss and that plaintiff wholly failed to discharge that burden. It is well established that a plaintiff seeking to recover for a loss on an insurance contract must prove that the contract was in force at the time of the loss. United Founders Life Ins. Co. v. Carey, 363 S.W. 2d 236 (Tex.1963); American Casualty & Life Co. v. Combs, 228 S.W.2d 897 (Tex. Civ.App.1950, writ ref. n. r. e.); Monarch Fire Ins. Co. v. Redmon, 109 S.W.2d 177 (Tex.Civ.App.1937, no writ).

The insured is required to produce the insurance contract upon which he sues or to prove its terms. Wann v. Metropolitan Life Ins. Co., 41 S.W.2d 50 (Tex.Com. App.1931, holding approved); Equitable Assurance Society v. Nelson, 396 S.W.2d 517 (Tex.Civ.App.1965, no writ). It is the binder contract upon which Chrysler has sued, and the above rules are equally applicable to binders or temporary insurance contracts. United Founders Life Ins. Co. v. Carey, *supra*; Colorado Life Company v. Teague, 117 S.W.2d 849 (Tex.Civ.App. 1938, writ dism'd w. o. j.); 12 A.L.R.3d 1310; 1 Couch on Insurance 2d § 14:35 at 614. This is so because binders may, by their own terms, automatically expire at the termination of a set period of time. See Carter v. Union Bankers Insurance Company, 461 S.W.2d 445 (Tex.Civ.App. 1971, writ ref.); 43 Am.Jur.2d § 218 at 278; 14 A.L.R.3d 599; 9 Couch 2d § 39:207 at 562.

As long as a binder is in effect, the insured may look to the form of the contemplated policy for coverage, duration, cancellation, and other terms. 43 Am.Jur.2d § 219 at 280; 14 A.L.R.3d 568; 1 Couch on Insurance 2d § 14:26 at 605. But here, the question is whether the binder was in effect at the time of the loss, and on this controlling issue plaintiff made no allegation or proof. Under the relationship existing between the parties, it was not enough in a suit for loss occurring on June 12, 1971, for plaintiff merely to allege and prove that *a* binder was in effect on February 15, 1971, and February 24, 1971, and that it received no subsequent notice of termination thereof.

Chrysler seeks to justify its failure to introduce the binder contract upon which it sued, and its insulation from its terms, on the argument that it received no notice of its provisions or its termination from Ranger. There is no evidence in this record of any privity of contract between Chrysler and Ranger or any authorized agent of Ranger which placed Ranger under any obligation or duty to furnish Chrysler with a copy of the binder or a notice of its termination. As heretofore indicated, all negotiations for obtaining the binder were by the broker, A. V. May, in behalf of the insured, James Willie Edwards. Chrysler was on notice from the beginning that its mortgagor, Edwards, had acquired only a temporary insurance binder and that it was not dealing directly with Ranger or one of Ranger's authorized agents. The question of any duty of May or Edwards to notify Chrysler is not before us. As between the parties to this suit, Chrysler was responsible for determining the duration of the binder. If it had inquired of Ranger, May or Edwards, it would have learned that the binder was for a limited term. If the inquiry had been made after March 22, 1971, Chrysler would have learned that Edwards' policy application had been rejected by Ranger and that the termination date of the binder had been extended only until April 1, 1971. The latter is evidenced by one of Ranger's admissions introduced by Chrysler at the trial.

Chrysler, having failed to allege or prove that the binder was in effect at the time of the loss, the trial court erred in granting Chrysler's motion for judgment. It should have denied same and rendered a take nothing judgment in favor of Ranger.

Accordingly, the judgments of the lower courts are reversed and judgment is rendered in favor of the defendant Ranger County Mutual Insurance Company.