**Norberto PORTILLO, Appellant,**

v.

**MOTORS INSURANCE CORPORATION, Appellee.**

**No. 6346.**

Court of Civil Appeals of Texas, El Paso.

Nov. 14, 1973.

John H. Whitaker, El Paso, for appellant.

Owen, Brewster, Steinberger & Co., Jack L. Brewster, El Paso, for appellee.

OPINION

OSBORN, Justice.

This is a suit to recover damages under an insurance policy for an alleged collision or upset of a motor vehicle and a resulting fire. The trial Court instructed a verdict for the Appellee, and we affirm the take nothing judgment.

The Appellant alleged that in 1967 he purchased a Chevrolet pickup from Ellis Chevrolet in Fabens, Texas, and financed the vehicle through the dealer who wrote an insurance policy on the pickup. He further alleged that a copy of the first insurance policy was attached to the original petition, but said the second policy (renewal), if any, the Plaintiff had not been able to locate. The exhibit attached to the pleading, and the original of which was offered in evidence, shows to be a declarations page providing certain coverage set forth therein for the Appellant, and covering a 1967 Chevrolet pickup for a policy period from August 21, 1967, to August 21, 1968. Both the pleadings and the evidence established that the occurrence made the basis of this suit happened on January 30, 1969, more than five months after the poli-

cy period set forth on the declarations page of the exhibit offered into evidence to establish insurance coverage. This exhibit did not purport to be an insurance policy and did not contain a description of the various coverages stated on the declarations page, nor did it contain the conditions and exclusions which would be a part of the policy.

The evidence established that on January 30, 1969, Appellant's sixteen year old son was driving the pickup when the accident occurred. Within a few days, the Appellee's claims adjuster took a written statement from the Appellant's son, in which it was stated that the vehicle had been stolen on the evening of January 30, 1969, and apparently wrecked by the unknown driver. In a subsequent statement, the Appellant's son changed his story as to what happened and said that he was driving the pickup on the evening in question and lost control and hit a pole along the highway and turned over. In this statement, he indicated that he and his passenger walked back to a service station and obtained a small quantity of gasoline which they used to set on fire the wrecked vehicle.

The adjuster testified that when the Appellant was faced with the second statement from his son, that he signed a release and decided not to pursue a property damage claim any further. The Appellant testified that he signed the release under threats that his son would be sent to the penitentiary if the release was not executed. The petition alleged that such instrument was obtained fraudulently and asked the Court to cancel the same and hold it for naught. At the conclusion of all of the evidence, the trial Court instructed a verdict for the Appellee, and entered a take nothing judgment.

 Even if it be assumed that the evidence raised a fact issue for the jury's consideration as to whether or not the release should be set aside, there was no proof of insurance coverage on the date of

the alleged loss and thus the Appellant did not make out a prima facie case to go to the jury. In American Nat. Fire Ins. Co. v. Lovellette Inv. Co., 61 S.W.2d 146 (Tex.Civ.App.—El Paso 1933, no writ), Chief Justice Pelphrey, writing for this Court, pointed out that in a suit seeking to recover under the terms of an insurance policy it was necessary that the policy or its contents be introduced in evidence to support a judgment thereon.

In Members Mutual Insurance Company v. Olguin, 462 S.W.2d 348 (Tex.Civ.App. —El Paso 1970, no writ), we noted that in a suit to recover under the terms of an automobile liability policy that the primary right, or the "genesis of the right" of the cause of action, is the policy itself, and that in such a case it is fundamental that the party seeking to recover must prove the particular terms of the policy under which coverage is sought.

Last year, in Dairyland County Mutual Insurance Company of Texas v. Martinez, 484 S.W.2d 785 (Tex.Civ.App.—El Paso 1972, writ ref'd n. r. e.), we said:

"In the absence of the policy sued on, it is apparent from the evidence that Plaintiffs-Appellees did not meet their burden in this case. The evidence is simply not sufficient to establish that a policy was in force providing . . . coverage to Martinez on the date of the accident."

In Ranger County Mutual Insurance Co. v. Chrysler Credit Corp., 501 S.W.2d 295 (Tex.Sup.1973), the Court noted that a plaintiff seeking to recover for a loss on an insurance contract must prove that the contract was in force at the time of the loss. In addition, the Court in that opinion noted that the insured is required to produce the insurance contract upon which he sues or to prove its terms. In this case, the Appellant did not prove any insurance contract or its terms nor did he establish that any contract was in force at the time of the loss. Having failed to offer proof

of these essential elements of a prima facie case, the trial Court properly instructed a verdict for the Appellee.

The judgment of the trial Court is in all things affirmed.