Floyd **BURSON** et ux., Appellants,

v.

**EMPLOYERS CASUALTY COMPANY,**
Appellee.

No. 17899.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 10, 1977.

Rehearing Denied Dec. 8, 1977.

Ernest L. Sample, Beaumont, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and William L. Hughes, Jr., Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a venue case. Plaintiffs sued the drivers of two vehicles for damages for personal injuries they sustained in a motor vehicle accident that occurred in Tarrant County. Alleging that one of the motorists did not have liability insurance, plaintiffs also sued their own insurance carrier under the uninsured motorist portion of their in-surance policy. Defendant insurance company filed a plea of privilege to be sued in the county of its residence (Dallas County); plaintiffs timely filed a controverting affidavit. After a hearing, the trial court sustained the insurance company's plea of privilege.

We reverse and render.

On appeal, appellants bring forth one point of error; i. e., they contend that the trial court erred in sustaining the insurance company's plea of privilege because plaintiffs proved a cause of action against the defendant under Subd. 23 of Art. 1995.[1]

In substance, Sub. 23 of Art. 1995 [1] provides that a suit may be maintained against a private corporation in the county in which the cause of action arose. In order to maintain venue in Tarrant County against this defendant under the uninsured motorist coverage of the policy pursuant to Subd. 23 of Art. 1995 [1], the plaintiffs were required to (1) establish the existence of the contract of insurance, and (2) establish a breach of such contract by the defendant, which requires proof that an uninsured motorist's negligence was a proximate cause of the damages sustained. *Hightower v. Members Mutual Insurance Company*, 494 S.W.2d 285 (Tex.Civ.App.—Waco 1973, no writ).

In *Ranger County Mut. Ins. Co. v. Chrysler Credit Corp.*, 501 S.W.2d 295 (Tex.1973), the supreme court wrote:

"The insured is required to produce the insurance contract upon which he sues or to prove its terms." *Id.* at 298.

In the case at bar, the plaintiffs did not introduce the insurance policy itself into evidence. Rather, they introduced an "insurance renewal certificate" into evidence. This renewal certificate continued the insured's policy in force from January 14, 1975, to January 14, 1976; it also shows that the insured's coverage included uninsured motorist protection, for which the plaintiffs paid a premium. The statutory requirements of uninsured motorist cover-

1. Tex.Rev.Civ.Stat.Ann. (1964).

age is found in Tex.Ins. Code Ann. art. 5.06–1 (1977). The insurance contract issued by the defendant company had to contain the required statutory provisions concerning uninsured motorist protection. Since the renewal certificate showed that uninsured motorist coverage had not been rejected but had been paid for by these plaintiffs, we take judicial notice of Tex. Ins. Code Ann. art. 5.06–1 (1977) to supply the required terms of the uninsured motorist contract. Accordingly, we hold that the plaintiffs had proved the terms of the insurance contract.

The facts of *Ranger County Mutual, supra,* can be distinguished from the facts of the case at bar. The former case involved the construction and effect of an automobile insurance binder. By its very terms, the binder had expired on April 1, 1971, and the loss had occurred on July 12, 1971. Recognizing that binders automatically expire at the termination of a given period of time and that the loss had occurred outside that time frame, the supreme court correctly reversed the case and wrote: "[T]he question is whether the binder was in effect at the time of the loss, and on this controlling issue plaintiff made no allegation or proof. . . ." In the case at bar, however, the renewal certificate issued by the insurance company clearly shows that the uninsured motorist coverage was in effect at the time of the accident. We hold that these plaintiffs have met the requirements of the *Ranger County Mutual, supra,* case.

Defendant insurance company contends that the judgment of the trial court can be sustained on the additional point of the insufficiency of proof that Mr. Maxey was uninsured at the time of the accident.

The absence of insurance on a driver and the vehicle are conditions precedent to the applicability of the uninsured motorist coverage. *State Farm Mutual Automobile Ins. Co. v. Matlock,* 462 S.W.2d 277, 278 (Tex. 1970). In their original petition in the instant case, plaintiffs alleged that *"[a]ll conditions precedent have been performed or have occurred* which are required of Plaintiffs *to enable them to recover* under the uninsured motorist provision of said insurance policy." (Emphasis added.) Such language necessarily means that all conditions precedent to bringing the suit have occurred.

Effective January 1, 1976, Tex.R.Civ.P. 93(p) provides:

"In the trial of any case brought against an automobile insurance company by an insured under the provisions of an insurance policy in force providing protection against uninsured motorists, an allegation that the insured has complied with all the terms of the policy as a condition precedent to bringing the suit shall be presumed to be true unless denied by verified pleadings which may be upon information and belief."

The purpose of Tex.R.Civ.P. 93(p) was to simplify the trial of an uninsured motorist case so as to avoid consuming the time of the trial court in the proof of a matter of which there is no good faith contest. Keith, Comments on the 1975 Amendments to the Texas Rules of Civil Procedure, 39 Tex.B.J. 129, 130 (1976). The amendment was also in response to the realization of the difficulty of proof of a negative fact, such as had troubled the supreme court in *State Farm Mutual Automobile Ins. Co. v. Matlock, supra.*

Since the defendant-insurer has not brought into issue whether Maxey was insured as required by Tex.R.Civ.P. 93(p), it is presumed to be true since it is a condition precedent to bringing the suit against the uninsured motorist insurer. The effect of Tex.R.Civ.P. 93(p) in an uninsured motorist suit is to give the defendant an opportunity to contest the conditions precedent to plaintiff's initiation of the suit. When these conditions precedent are in dispute, the defendant may bring them into issue through his denial by verified pleadings which may be upon information and belief. Since the defendant did not bring the uninsured status of the driver into issue as required by Tex.R.Civ.P. 93(p), we hold that plaintiffs have sufficiently proved that Maxey was an uninsured motorist at the time of the accident. In order to resolve any doubt on this

matter, the legislature has enacted Tex.Ins. Code Ann. art. 5.06–1, (7), effective August 29, 1977, which provides: "If a dispute exists as to whether a motor vehicle is uninsured, the burden of proof as to that issue shall be upon the insurer."

We have reviewed the evidence to determine whether the other venue requirements under Subd. 23 of Art. 1995 %r1%n have been properly proved; we hold that plaintiffs have proved each of those requirements. We sustain appellants' sole point of error. We reverse the judgment of the trial court which ordered the case transferred. We overrule the plea of privilege of Employers Casualty Company and order that the case be tried in Tarrant County.