**Affirmed and Memorandum Opinion filed November 29, 2022.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-21-00100-CV

**JOHNNIE  SMITH, Appellant**

**V.**

**ELEPHANT INSURANCE SERVICES, LLC, Appellee**

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2018-50603**

## M E M O R A N D U M   O P I N I O N

A plaintiff who was in a car accident with an allegedly uninsured motorist appeals a take-nothing judgment on his claims for declaratory relief and for statutory bad faith under chapter 541 of the Insurance Code. Concluding that appellant has not shown any error in the judgment, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Johnnie Smith filed suit against appellee/defendant Elephant Insurance Services, LLC ("Elephant") asserting claims for declaratory relief and for statutory bad faith under chapter 541 of the Insurance Code. Smith sued Elephant as an insurance carrier under a policy providing uninsured motorist coverage ("Policy") for the car Smith was driving in an accident with an allegedly uninsured motorist. In his original petition, Smith alleged that the accident occurred on or about January 9, 2018, and involved a collision between the car Smith was driving and a car driven by an allegedly uninsured motorist named Marcos Melgar Garcia.

Just after this case was called to trial, the trial court granted Smith's motion for leave to file his "Third Amended Original Petition." In that petition, Smith alleged that the accident occurred on or about August 12, 2017, and involved a collision between the car Smith was driving and a car driven by an allegedly uninsured motorist named Edis Garcia ("Edis"). Smith alleged that Edis was drunk, "failed to maintain the speed and direction of his [car] and crashed into the rear passenger side portion of [Smith's car] causing [the accident]." Smith contended that Edis was the proximate cause of the accident, which resulted in personal injury to Smith.

Smith sued only Elephant. Smith did not sue Edis, nor had Smith previously obtained a judgment against Edis. In his declaratory-judgment claim, Smith asked the trial court to make 13 specified declarations pursuant to the Texas Declaratory Judgments Act that Smith contended were declarations of his rights, status, or legal relationship under the Policy. Smith also sought to recover damages from Elephant based on a statutory-bad-faith claim under chapter 541 of the Insurance Code ("Statutory Bad Faith Claim"). Smith did not assert a claim for breach of the

Policy.

The case was tried to the bench. In his case-in-chief, Smith and his medical expert Dr. Phong Quac Le were the only witnesses who testified. The trial court admitted into evidence various exhibits offered by Smith and Elephant.

After Smith rested, Elephant made an oral motion for judgment, which the trial court granted. The trial court later signed a written order granting Elephant's motion for judgment and issued findings of fact and conclusions of law. Based on this order and these findings and conclusions, the trial court signed a final judgment that Smith take nothing on his claims. The trial court denied Smith's motion for new trial.

## II. ISSUES AND ANALYSIS

Smith timely appealed the trial court's judgment. The parties and the trial court referred to Elephant's motion after Smith rested as a "motion for directed verdict." But, when a defendant moves for a "directed verdict" in a bench trial, the defendant is actually moving the trial court to render judgment because there is no jury to direct. *See Hassan v. Hassan*, No. 14-17-00179-CV, 2018 WL 3061320, at *1 (Tex. App.—Houston [14th Dist.] Jun. 21, 2018, no pet.) (mem. op.). Therefore, we construe Elephant's "motion for directed verdict" as a motion for judgment, and we refer to the motion as a "motion for judgment." *See id*. In a bench trial, the trial court sits as trier of fact and law, and the trial court may rule on both the factual and legal issues at the close of the plaintiff's case-in-chief. *See Qantel Bus. Sys., Inc. v. Custom Controls Co*., 761 S.W.2d 302, 304 (Tex. 1988). If a trial court grants a motion for judgment after the plaintiff rests in its case-in-chief in a bench trial, the trial court is presumed to have ruled not only on the legal sufficiency of the evidence, but also on the weight of the evidence and the credibility of the witnesses. *See id.* at 304–05.

3

In today's case, both the reporter's record and the written order granting the motion for judgment reflect that Elephant moved for judgment on the grounds that there was no evidence in Smith's case-in-chief to support a finding in Smith's favor as to various elements of his claims. The reporter's record and the written order also indicate that the trial court granted the motion for judgment because the court concluded that there was no evidence of the challenged elements. We conclude that the record in this case rebuts the presumption that in granting the motion for judgment the trial court ruled on the weight of the evidence and the credibility of the witnesses. *See id.* at 304–05. In granting the motion for judgment, the trial court only ruled on the legal sufficiency of the evidence. When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to Smith and indulge every reasonable inference that would support a finding in Smith's favor. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the sole judge of witness credibility and the weight to give to testimony. *See id.* at 819.

In a fact finding, the trial court stated that Smith did not present any evidence that Edis was uninsured on the date of the accident. That statement is accurate. On appeal, Smith asserts that under Insurance Code section 1952.109 Elephant—not Smith—had the burden of proving that Edis's vehicle was uninsured. *See* Tex. Ins. Code Ann. § 1952.109 (West, Westlaw through 2021 C.S.) (stating that "[t]he insurer has the burden of proof in a dispute as to whether a motor vehicle is uninsured"). The party seeking a declaration has the burden of proving at trial its entitlement to the declaration by a preponderance of the

evidence. *See Lede v. Aycock*, 630 S.W.2d 669, 673 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Nonetheless, we presume, without deciding, that Elephant had the burden of proving at trial that Edis and his car were uninsured or underinsured, and we do not base any part of our analysis or disposition of this appeal on Smith's failure to prove in his case-in-chief that Edis or his car was uninsured or underinsured.

**A.    Did the trial court err in granting the motion for judgment as to the Statutory Bad Faith Claim?**

Smith asserted a Statutory Bad Faith Claim against Elephant based on its alleged engaging in two unfair settlement practices: (1) "[f]ailing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear"; and (2) "[r]efusing to pay a claim in bad faith without conducting a reasonable investigation with respect to that claim." The evidence in Smith's case-in-chief did not address Elephant's actions in handling or investigating any claim by Smith, nor did the evidence in any way show that Elephant's liability on any claim had become reasonably clear. Under the applicable standard of review, the evidence in Smith's case-in-chief was legally insufficient to support a finding that Elephant engaged in either of the two alleged unfair settlement practices. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 568–74 (Tex. App.—San Antonio 2011, pet. denied). Thus, the trial court did not err in granting Elephant's motion for judgment as to the Statutory Bad Faith Claim. *See id*.

**B.    Did the trial court err in rendering a take-nothing judgment as to Smith's declaratory-judgment claim?**

Smith asserted a claim for declaratory relief against Elephant in which Smith asked the trial court to make 13 declarations. The trial court granted Elephant's motion for judgment as to 12 of these requested declarations. Smith requested that

the trial court declare: "that the negligence of Marcos Melgar Garcia was the proximate cause of this motor vehicle accident" and "that Marcos Melgar Garcia was uninsured at the time of the motor vehicle accident." No evidence in Smith's case-in-chief addresses who Marcos Melgar Garcia is. Smith testified that he was the driver and only occupant of his car during the accident and that the only occupant of the other car was the man driving the car. Smith did not state the name of the driver of the other car, but, according to the "Texas Peace Officer's Crash Report" ("Crash Report") admitted into evidence, the driver of the other car was "Edis Garcia." Smith's counsel agrees that Edis Garcia—not Marcos Melgar Garcia—was driving the other car. Under the applicable legal standard, the evidence was legally insufficient to support either requested declaration, and the trial court did not err in granting the motion for judgment as to these requests. *See Rahmati v. AJBJK, LLP*, No.01-15-01036-CV, 2017 WL 4820336, at *3–8 (Tex. App.—Houston [1st Dist.] Oct. 26, 2017, pet. denied) (mem. op.).

Smith requested that the trial court declare: (1) "that [Smith's] claim for uninsured motorist benefits under Policy No. 24400145875 as a result of a motor vehicle accident which occurred on or about January 9, 2018 is covered under the Policy"; (2) "that [Elephant] is in breach of its contract with [Smith] (Policy No. 24400145875)"; (3) "that [Smith's] compensable damages resulting [from] that motor vehicle accident caused [sic] by a third party who is uninsured"; and (4) "a Declaration of the amount of compensation to which [Smith] is entitled from [Elephant] as a result of the motor vehicle accident with the uninsured driver for his personal injury damages." The evidence at trial showed that the accident occurred on August 12, 2017. No evidence showed that the accident occurred on January 9, 2018. The insured has the initial burden to establish coverage under the terms of the insurance policy. *See JAW the Pointe, LLC v. Lexington Ins. Co.*, 460

S.W.3d 597, 603 (Tex. 2015). Absent a stipulation from the insurer as to coverage or the terms of the policy, to establish coverage under an insurance policy, the insured must prove the terms of the insurance policy by either having the insurance policy admitted into evidence or presenting other evidence of the policy terms. *See Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1132 (5th Cir. 1992) (applying Texas law), *abrogation on other grounds recognized by Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 241 F.3d 396, 398 n.3 (5th Cir. 2001); *Denison Custom Homes, Inc. v. Assurance Co. of Am.*, No. Civ. A.V.-03-24, 2006 WL 1517495, at \*4 (S.D. Tex. 2006) (applying Texas law); *Ranger County Mut. Ins. Co. v. Chrysler Credit Corp.*, 501 S.W.2d 295, 298 (Tex. 1973); *Portillo v. Motors Ins. Corp.*, 503 S.W.2d 313, 314–15 (Tex. App.—El Paso 1973, no writ). Though Smith did not assert a breach of contract claim against Elephant, he did seek declarations regarding coverage under the Policy, Elephant's alleged breach of the Policy, Smith's allegedly compensable damages under the Policy, and the amount of compensation to which Smith is entitled from Elephant under the Policy. Elephant did not enter into any stipulation as to the terms of the Policy or that any claim, damage, or injury is covered thereunder.[1] After opening statements at trial, Elephant's counsel stated that Elephant did not admit liability under the

---

[1] On appeal, Smith asserts that Elephant stipulated to its status as Smith's uninsured-motorist carrier based on the following colloquy between the trial court and Elephant's counsel:

Trial Court:          "you are the UIM carrier, correct?"

Counsel:          "We are, Judge, yes."

Trial Court:          "His insured?" [sic]

Counsel:          "Yes."

We do not think that these statements constitute a stipulation. In any event, even if Elephant stipulated that it was the "UIM Carrier," Elephant did not enter into any stipulation as to the terms of the Policy or that any claim, damage, or injury is covered thereunder.

Policy and that it was going to hold Smith to his burden of proof "on all counts."[2] No part of the Policy was admitted into evidence at trial, nor was any evidence submitted as to the terms, coverages, or effective dates of the Policy. Under the applicable legal standard, the evidence was legally insufficient to support any of these four requested declarations, and the trial court did not err in granting the motion for judgment as to these requests. *See Bituminous Cas. Corp.*, 975 F.2d at 1132; *Denison Custom Homes, Inc.*, 2006 WL 1517495, at \*4; *Ranger County Mut. Ins. Co.*, 501 S.W.2d at 298; *Rahmati*, 2017 WL 4820336, at \*3–8; *Portillo*, 503 S.W.2d at 314–15.

Smith also requested that the trial court declare "that [Smith] suffered compensable bodily injuries and damages as a result of the motor vehicle accident." Elephant did not move for judgment on this request, but in a conclusion of law, the trial court determined that without proof of the Policy and the terms of the Policy, Smith had no right of recovery against Elephant on any of his claims. The trial court later rendered judgment that Smith take nothing based on its order granting Elephant's motion for judgment and on the court's findings of fact and conclusions of law. Even though Elephant did not move for judgment on this request, the trial court did not err in rendering judgment if Elephant was entitled to judgment as a matter of law. *See Harvey v. Elder*, 191 S.W.2d 686, 687 (Tex. Civ. App.—San Antonio 1945, writ ref'd) (holding by the Texas Supreme Court that the trial court may grant sua sponte directed verdict or nonspecific motion for directed verdict, as long as the prevailing party below was entitled to judgment as a

---

[2] On appeal, Smith contends that Elephant never contested uninsured motorist coverage until it moved for judgment. This is not correct. By its general denial, Elephant contested Smith's assertion of uninsured motorist coverage in his declaratory-judgment claim in his petition. *See* Tex. R. Civ. P. 92. In addition, after opening statements, Elephant's counsel stated that Elephant did not admit liability under the Policy and that Elephant was going to hold Smith to his burden of proof.

matter of law); *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 195 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In the context of today's case and Smith's other requested declarations, in this request, Smith asked the trial court to declare that the injuries he allegedly suffered as a result of the accident were bodily injuries compensable under the Policy. Because Elephant did not enter into a stipulation as to the terms of the Policy or that any claim, damage, or injury is covered thereunder, to establish that his injuries are compensable under the Policy, Smith had to prove the terms of the Policy by either having the Policy admitted into evidence or presenting other evidence of the Policy's terms. *See Bituminous Cas. Corp.*, 975 F.2d at 1132; *Denison Custom Homes, Inc.*, 2006 WL 1517495, at *4; *Ranger County Mut. Ins. Co.*, 501 S.W.2d at 298; *Portillo*, 503 S.W.2d at 314–15. No part of the Policy was admitted into evidence at trial, nor was any evidence submitted as to the terms, coverages, or effective dates of the Policy. Under the applicable legal standard, the evidence was legally insufficient to support this requested declaration, and the trial court did not err in rendering a take-nothing judgment as to this request. *See Bituminous Cas. Corp.*, 975 F.2d at 1132; *Denison Custom Homes*, 2006 WL 1517495, at *4; *Ranger Cnty. Mut. Ins. Co.*, 501 S.W.2d at 298; *Rahmati*, 2017 WL 4820336, at *3–8; *Portillo*, 503 S.W.2d at 314–15.

Smith requested that the trial court declare: "that despite having all of the information requested from [Smith], [Elephant] failed and refused to pay the benefits owed to [Smith] under Policy No. 24400145875 for more than sixty days from its receipt of the requested information" and "that pursuant to Texas Insurance Code Chapter 542, Subchapter B, [Smith] is entitled to recover from [Elephant] the statutory penalty of eighteen percent per annum on all amounts due on [Smith's] claim for which he sues." The evidence in Smith's case-in-chief did not address Elephant's actions in handling or investigating any claim by Smith, any

9

information Elephant requested from Smith, or any failure or refusal by Elephant to pay benefits to Smith under the Policy. The trial evidence did not address any part of the factual predicate necessary for Smith to recover eighteen percent interest under chapter 542, subchapter B of the Insurance Code. *See* Tex. Ins. Code Ann. §§ 542.058, 542.060 (West, Westlaw through 2021 C.S.). Under the applicable legal standard, the evidence was legally insufficient to support either requested declaration, and the trial court did not err in granting the motion for judgment as to these requests. *See* Tex. Ins. Code Ann. §§ 542.058, 542.060; *Rahmati*, 2017 WL 4820336, at *3–8.

Smith requested that the trial court declare: (1) "that [Elephant] breached its duty of good faith and fair dealing with [Smith]"; (2) "that [Elephant] failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability ha[d] become reasonably clear"; (3) "that [Elephant] refused to pay a claim without conducting a reasonable investigation with respect to said claim"; and (4) "that [Elephant's] acts and omissions as described herein have been a producing and/or proximate cause of damages to [Smith]." The evidence in Smith's case-in-chief did not address Elephant's actions in handling or investigating any claim by Smith, nor did the evidence in any way show that Elephant's liability on any claim had become reasonably clear. Under the applicable legal standard, the evidence was legally insufficient to support any of these four requested declarations, and the trial court did not err in granting the motion for judgment as to these requests. *See Rahmati*, 2017 WL 4820336, at *3–8.

On appeal, Smith asserts that the trial evidence established by a preponderance of the evidence Edis's liability for causing the accident and the damages caused by Edis. But, Smith did not request a declaration as to either point

10

in his petition, nor was such a request tried by consent. *See Flowers v. Flowers*, 407 S.W.3d 452, 458–59 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Smith asserts that he was not required to prove the existence of uninsured or underinsured coverage. Though proving coverage was not required for all of Smith's requested declarations, some of the requested declarations required Smith to make this showing, for example, his request that the trial court declare "that [Smith's] claim for uninsured motorist benefits under Policy No. 24400145875 as a result of a motor vehicle accident which occurred on or about January 9, 2018 is covered under the Policy."

Smith cites two cases from the Supreme Court of Texas and indicates that under these cases Smith may seek in this case only a declaration that Edis's negligence proximately caused Smith's personal injury damages resulting from the accident and a declaration as to the amounts of these personal injury damages, and then seek underinsured motorist benefits under the Policy in a subsequent case. *See Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263 (Tex. 2021); *Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). In *Brainard* the Supreme Court of Texas held that an underinsured motorist carrier "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 818. The high court stated that neither requesting underinsured motorist benefits nor filing suit against the insurer triggers a contractual duty to pay. *Id.* The *Brainard* court concluded that under Chapter 38 of the Civil Practice and Remedies Code, a claim for underinsured motorist benefits is not presented until the trial court signs a judgment establishing the negligence and underinsured status of the other motorist. *See id*. The *Brainard* court stated that the insured may obtain a judgment against the tortfeasor or the insured may establish the prerequisites to coverage in a direct

action against the insurer. *See id*. In *Brainard*, the direct action was a breach-of-contract claim. *See id.*

In *Irwin* the high court held that an insured may establish an insurance carrier's liability for underinsured motorist benefits in a declaratory-judgment action. *See Irwin*, 627 S.W.3d at 265–266. The *Irwin* court reaffirmed that a judgment establishing the tort liability and underinsured status of the other motorist is a condition precedent to underinsured motorist coverage. *See id.* at 270. In *Irwin*, the parties stipulated before trial to Irwin's coverage under the underinsured motorist policy and to the insurer's entitlement to an offset from Irwin's $30,000 settlement with the other driver. *See id.* at 266. As discussed above, in today's case, there was no stipulation as to coverage.

Neither *Brainard* nor *Irwin* state that an insured may first obtain a declaration that the other driver's negligence proximately caused the insured's personal injury damages resulting from the accident and a declaration as to the amounts of these personal injury damages, and then file another suit seeking to recover underinsured motorist benefits from the insurer. *See Irwin*, 627 S.W.3d at 265–266, 270; *Brainard*, 216 S.W.3d at 818. In any event, whether an insured may do so is not relevant to today's case because that is not what Smith has done. In this case Smith did not seek only a declaration that Edis's negligence proximately caused Smith's personal injury damages resulting from the accident and a declaration as to the amounts of these personal injury damages, leaving his claim for underinsured motorist benefits under the Policy to be pursued in a subsequent case. Instead, Smith sought damages in this suit for statutory bad faith as well as 13 declarations that the evidence was legally insufficient to support, including declarations that Smith is entitled to uninsured motorist benefits under the Policy and interest under the Prompt Payment of Claims Act. The *Irwin* and *Brainard*

12

cases do not show that the evidence in Smith's case-in-chief was legally sufficient to support any of the 13 declarations Smith requested.

Smith also argues that he did not have to present any evidence of uninsured motorist coverage because Elephant failed to file a verified denial under Texas Rule of Civil Procedure 93(15). *See* Tex. R. Civ. P. 93(15). This rule provides that "[i]n the trial of any case brought against an automobile insurance company by an insured under the provisions of an insurance policy in force providing protection against uninsured motorists, an allegation that the insured has complied with all the terms of the policy as a condition precedent to bringing the suit shall be presumed to be true unless denied by verified pleadings which may be upon information and belief." *Id*. In his petition, Smith alleged that "[a]ll conditions precedent to [Smith's] claims for relief have been performed or have occurred." Smith's claims for relief were declaratory-judgment and statutory-bad-faith claims against Elephant. Smith did not assert a breach-of-contract claim on the Policy. Smith did not allege that he had "complied with all the terms of the [Policy]" or that he had "complied with all the terms of the [Policy] as a condition precedent to bringing the suit." *Id*. Thus, under the plain text of Rule 93(15), Smith did not trigger application of the rule, and Elephant was not required to file a verified denial to avoid a presumption that Smith had complied with all the terms of the Policy as a condition precedent to bringing suit. *See id*.

In his declaratory-judgment claim, Smith only requested that the trial court make the 13 declarations discussed above. Because the evidence was legally insufficient to support any of the 13 requested declarations, we conclude that the trial court did not err in rendering a take-nothing judgment as to Smith's declaratory-judgment claim. *See Bituminous Cas. Corp.*, 975 F.2d at 1132; *Denison Custom Homes, Inc.*, 2006 WL 1517495, at \*4; *Ranger County Mut. Ins.*

*Co.*, 501 S.W.2d at 298; *Rahmati*, 2017 WL 4820336, at *3–8; *Portillo*, 503 S.W.2d at 314–15.

### III. CONCLUSION

Under the applicable standard of review, the evidence in Smith's case-in-chief was legally insufficient to support a finding that Elephant engaged in either of the two alleged unfair settlement practices. Thus, the trial court did not err in granting Elephant's motion for judgment as to the Statutory Bad Faith Claim. Because the evidence was legally insufficient to support any of the 13 declarations that Smith requested, the trial court did not err in rendering a take-nothing judgment as to Smith's declaratory-judgment claim. Because Smith has not shown that the trial court erred in rendering judgment that Smith take nothing, we affirm the trial court's judgment.

/s/     Randy Wilson
        Justice

Panel consists of Justices Wise, Poissant, and Wilson.